Matter of P.K. v D.K. (2026 NY Slip Op 00088)

Matter of P.K. v D.K.

2026 NY Slip Op 00088

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. F7141/23|Appeal No. 5570|Case No. 2024-06517|

[*1]In the Matter of P.K., Respondent,
vD.K., Appellant.

Eileen S. King, New York, for appellant.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about September 19, 2024, which denied respondent father's objections to the findings of fact and order of the same court (Monera Mohamed Seliem, Support Magistrate), entered on or about April 29, 2024, which, after a hearing, ordered the father to pay $66,928.83, representing the arrears owed for his children's private school tuition, unanimously reversed, on the law and the facts, without costs, the Support Magistrate's order vacated, and the matter remanded for further proceedings consistent with this decision.
The Support Magistrate's findings are not supported by the record. Specifically, the finding that the father owed $66,928.83 in arrears for the children's private school tuition is seemingly inconsistent with the terms of the mediation agreement the parties executed shortly before the mother filed her enforcement petition. Moreover, the mediation agreement contains conflicting terms as to the amounts owed by the father.For example, paragraph two of the mediation agreement provided that the father "owes" the mother a total of $40,000. With respect to this obligation, the parties agreed that the father "will transfer [$15,000] to [the mother] before December 30, 2022" and that the balance of $25,000 "has been paid in full to [the mother] by May 8, 2023." However, the agreement was signed on May 14, 2023; thus, the provision that the father "will transfer" $15,000 to the mother before December 30, 2022 is illogical. This provision further conflicts with paragraph twelve, which provides that "[t]here was an accord and satisfaction of all outstanding child support arrearage and reimbursement of expenses." It is therefore unclear whether the father's arrears have been fully satisfied or whether he continues to owe at least $15,000 to the mother, warranting a new hearing to determine the father's tuition arrears. Accordingly, the matter should be remanded to Family Court for a new hearing and determination as to the father's tuition arrears, if any (see e.g. Susan W. v Darren K., 213 AD3d 593, 594 [1st Dept 2023]; Spano v Spano, 168 AD3d 857, 860 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026